IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VINCENT E. BROXTERMAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CAROLYN W. COLVIN, ACTING )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 14-2342-CM |

## MEMORANDUM AND ORDER

Plaintiff Vincent E. Broxterman filed an application for disability benefits nearly ten years ago. He claims that he became unable work in June 2005, and seeks payments pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. An Administrative Law Judge ("ALJ") recently denied plaintiff benefits—for the third time. This time, the ALJ found that plaintiff engaged in substantial gainful activity ("SGA") from August 15, 2006 to September 4, 2009. During that time period, plaintiff operated a fireworks stand for six days each year around the Fourth of July. Plaintiff received $3,228 from the stand in 2007; $5,017 in 2008; and $10,516 in 2009. The ALJ's previous two decisions found that plaintiff did not engage in SGA. At the time the ALJ issued the first decision in September 2009, the only self-employment earnings showing were $3,228 in 2007.

Plaintiff argues that the court must remand this case again for a number of reasons:

(1) The ALJ erred in finding that plaintiff engaged in SGA because

(a) the ALJ should have used average annual income—not for a discrete period of work,

(b) the ALJ failed to deduct the value of volunteer services,

(c) plaintiff did not contribute significant services, and

-1-

      (d) plaintiff's activity was sporadic;

(2) Defendant cannot now offer post hoc rationalization for the ALJ's opinion, arguing that plaintiff alternatively meets another test for SGA; and

(3) The law of the case and the mandate rule prohibit relitigation of whether plaintiff engaged in SGA.

The court will address each of these arguments, but in a different order than plaintiff presents them.

### The Law of the Case Principle and the Mandate Rule

The court first takes up whether the law of the case and the mandate rule preclude reconsideration of whether plaintiff engaged in SGA. The "law of the case" principle is based on the general rule that "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002) (citation omitted). The mandate rule requires that on remand, the court comply with the reviewing court's mandate. *Id.* But neither rule is mandatory, and the court has discretion whether to apply the principles. *Id.* (citing *Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001)). There are exceptions to both rules. A court may depart from the law of the case for these "exceptionally narrow" reasons: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *Id.* at 1219 n.4 (citations omitted). And a court may deviate from the mandate rule in "exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior . . . decision would result in serious injustice if uncorrected." *Id.* (citation omitted).

In May 2011—before issuing the second opinion in December 2011—the ALJ received documents that show plaintiff's fireworks stand income in 2007, 2008, and 2009. The ALJ specifically inquired about plaintiff's work at the fireworks stand in the September 2011 hearing (as well as the January 2014 hearing). After hearing plaintiff's testimony about what he did at the fireworks stand and the duration of his activities, the ALJ found that plaintiff did not engage in SGA because plaintiff "did not engage in this activity long enough to constitute substantial gainful activity." (Doc. 5-1 at 471.)

When the Appeals Council remanded the case in July 2013 for the ALJ to conduct a third hearing, the Appeals Council did not mention the ALJ's finding that plaintiff had not engaged in SGA. Instead, the Appeals Council concentrated on the ALJ's medical determinations. The Appeals Council directed the ALJ to consider the following on remand: plaintiff's impairments, the treating source opinion, and plaintiff's residual functional capacity.

Defendant maintains that the ALJ was free to reconsider whether plaintiff engaged in SGA because exceptional circumstances apply (defendant claims that plaintiff previously withheld information about his fireworks stand) and because the ALJ committed clear error when he previously found that plaintiff had <u>not</u> engaged in SGA.

The court concludes that this is a situation in which the law of the case and the mandate rule did not preclude the ALJ from reconsidering whether plaintiff engaged in SGA. This is for at least two reasons. First, the 2013 Appeals Council decision does not explicitly preclude full consideration of plaintiff's claim. The ALJ therefore did not violate the mandate rule. Second, the ALJ committed clear error in his second decision when he determined that plaintiff did not engage in SGA simply because plaintiff "did not engage in this activity long enough." Although the ALJ's ultimate finding of no disability may not have been erroneous, he failed to apply the correct standard. The ALJ did not

apply the regulations governing evaluation of SGA for self-employed individuals. *See generally* 20 C.F.R. § 404.1575(a)(2). Leaving the error uncorrected would have been manifestly unjust, particularly because the ALJ could have otherwise determined that plaintiff was entitled to benefits. It was therefore appropriate for the ALJ to attempt to correct this error on remand.

### Whether Plaintiff Engaged in SGA

Because the court determines that the ALJ properly considered whether plaintiff engaged in SGA, the court must next determine whether the ALJ's decision is supported by substantial evidence and whether he applied the correct legal standards. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The key focus in this case is the legal standards applied by the ALJ. The ALJ concluded that plaintiff engaged in SGA because he met "Test One" for SGA: he rendered significant services and received substantial income. There are two other tests for SGA that the ALJ did not address. 20 C.F.R. § 404.1575(a)(2).

### Significant Services

A plaintiff contributes significant services to his business if he "contribute[s] more than half the total time required for the management of the business . . . ." *Id.* § 404.1575(b)(1). Plaintiff claims that he does not meet this standard because volunteers did most of the work. But the standard considers the time required for management of the business—not operation of the business. The record demonstrates that plaintiff was the only one managing the business.

Plaintiff was the sole owner of the business. He is the only one who was paid for operation of the fireworks stand. He had several volunteers who did the "manual labor," but plaintiff decided the products and prices. Based on this evidence, the court must conclude that substantial evidence supports the ALJ's decision that plaintiff rendered significant services.

### Substantial Income

-4-

A self-employed plaintiff has substantial income if the "countable income" averages more per month than established monthly SGA amounts (which were between $900 and $980 for the relevant years). *Id.* §§ 404.1575(c)(2)(i); 404.1574(b)(2). Here, if plaintiff's income is averaged over a full year, he does not meet those threshold amounts. But if it is averaged only over the discrete periods in which he made the income, he easily exceeds the amounts.

The ALJ concluded that plaintiff made his earnings over the period of two months each year. The court agrees that calculating plaintiff's average income based on the periods that he worked rather than the full year is consistent with the Social Security regulations. *See id.* §§ 404.1574a (providing that the Social Security Administration will calculate earnings based on periods of work when there are changes in SGA earnings levels); 404.1575 (c)(1) (referencing § 404.1574a for rules on averaging earnings). The ALJ made these computations, however, without considering the value of the services of the volunteers who helped plaintiff with the fireworks stand. This was legal error. When determining countable income, the ALJ must deduct the reasonable value of unpaid help from the plaintiff's income. SSR 83-34, 1983 WL 31256, at *5 ("The reasonable monetary value of any significant amount of unpaid help furnished by a spouse, children, or others should be deducted from net income.").

Defendant argues that this error is immaterial because plaintiff engaged in SGA under other tests, too. Using the other tests to justify the ALJ's decision, however, would be post hoc rationalization. The court evaluates an ALJ's decision based solely on the reasons contained within the decision. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). The court therefore will not evaluate whether plaintiff engaged in SGA under the other tests. The case must be remanded for the ALJ to make this determination (if necessary) in the first instance.

**Sporadic Work**

Finally, plaintiff argues that his work at the fireworks stand does not constitute SGA because it was only sporadic work. The court makes no ruling on this point, as it may be moot depending on the other determinations the ALJ makes about whether plaintiff engaged in SGA.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is reversed and remanded. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this Memorandum and Order.

Dated this 12th day of August, 2015, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
